KEITH GILABERT(KEITHGILABERT@GMAIL.COM)
PRO PER
26839 PEPPERTREE DR.
VALENCIA, CA 91381
TELEPHONE: 661-510-7777

FILED
2013 MAR 21  AM 11:24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KEITH GILABERT,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ANN LOGUE,<br><br>　　　Defendant(s) | Case No.: No. CV13-00578-GHK (MRWx)<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-7(b) TO CONTINUE DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO CCP 425.16<br><br>Hearing Date: April 22, 2013<br>Time: 9:30am<br>Hon. George H. King<br>Location: Courtroom 650<br>Date action filed: January 25, 2013 |

### FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2013, Defendant Logue filed its Special Motion ("Anti-SLAPP Motion") under California Code of Civil Procedure (CCP 425.16) to strike complaint of Plaintiff Keith Gilabert. On March 20, 2013, Plaintiff received notice from Defendant Logue that it will not provide any discovery in connection with the Anti-SLAPP Motion. On March 18, 2013, Plaintiff timely filed it opposition. On March 21, 2013 Plaintiff filed a conditional request for of the hearing and discovery by Plaintiff of facts exclusively with Defendant Logue's control and essential to Plaintiff's case in chief to Count Six.

Accordingly, Plaintiff makes this administrative motion under Civil Local Rule ("L.R.') 7-7(b)(2)(B) for the continuance of Defendant's Anti-SLAPP Motion now calendared for April 22, 2013. This motion is made after the opposition to the defendant's motion where such motion

[MOTION FOR CONTINTUANCE RULE 7-7(B)]

-1-

is essentially seeking summary judgment relief under L.R. 56-1. This administrative motion is concurrently filed with (1) Motion for Specified Discovery on Defamation and Libel to Count Six.

## GROUNDS FOR THIS MOTION

Under CCP 425.16(b)(1), and anti-SLAPP motion fails if "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." As to all parties to an action, "all discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section." Id., 425.16(g). "The court, on noticed motion for good cause shown, may order that specified discovery stay if the requirements are met under the statute. See e.g., Tushscher Development Enterprises, Inc. v. San Diego Unified Port District, 106 Cal. App. 4th 1219, 1247, 132 Cal. Rptr. 2d 57 (2003).

In federal court, however, anti-SLAPP is under a different regime. Within the Ninth Circuit, discovery cannot be blocked by a trial court in a summary proceeding as an anti-SLAPP procedure. In Metabolife International, Inc. v. Wornick, 264 F. 3d 832, 846 (9th Cir. 2001), the court held: "Because the discovery-limiting aspects of CCP 425.16(f) and (g) collide with the discovery-allowing aspects of Rule [Fed. R. Civ. Pro.] 56, these aspects of subsections (f) and (g) cannot apply in federal court," (quoting Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)). Overall, the Ninth Circuit in Metabolife followed the Supreme Court's interpretation of Rule 56(f) that discovery is required "where the moving party has not had the opportunity to discover information that is essential to its opposition." Id., 264 F. 3d at 846 (see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250n. 5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).

Plaintiff's concurrently filed Motion for Specified Discovery argues that the means and method used by Defendant Logue to construct and publish her story on Plaintiff are in her sole custody. Plaintiff has no access to the emails that will show malicious intent. Therefore, a hearing and decision to grant Defendant's anti-SLAPP Motion as to the complaint, prior to gainful discovery by Plaintiff of key facts solely within Defendant Logue's possession, violates Rule 56. Under Metabolife, the Ninth Circuit would surely conclude that the pending anti-

-2-

SLAPP motion is essentially one seeking summary judgment that requires discovery by the non-moving party.

## CONCLUSION

Based on the information above, the documents and pleadings on file herein, Plaintiff respectfully requests the Court to continue the anti-SLAPP motion from April 22, 2013 to a later date to first allow for a hearing on Plaintiff's pending motion for discovery of Defendant Logue's emails to Aaron Krowne concerning count six, as well as completion of proper, timely and meaningful discovery by Plaintiff for such specified purpose.

Dated this 20th day of March, 2013

By,

Keith Gilabert
Pro Per


## CERTIFICATE OF SERVICE

I, Keith Gilabert, certify that on March 20, 2013, I served the above and forgoing **PLAINTIFF'S ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-7(b) TO CONTINUE DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO CCP 425.16**, by causing true and accurate copies of such paper to be deposited with the United States Postal Service to the persons shown below, on this the 20th day of March, 2013.

JEROME H. MOONEY,
12121 WILSHIRE BLVD. #525
LOS ANGELES, CA  90025

RAYMOND VASARI
C/O ANN LOGUE
55 PUBLIC SQUARE, #2200
CLEVELAND, OHIO 44113

*/s/ Keith Gilabert*
Keith Gilabert