E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-578-GHK (RZx) | | Date | December 20, 2013 |
|---|---|---|---|---|
| Title | *Keith Gilabert v. Ann C. Logue, et al.* | | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Plaintiff's Request for Voluntary Dismissal [Dkt. No. 49]; Defendant's Special Motion to Strike [Dkt. No. 38]

        This matter is before us on Defendant Ann C. Logue's Special Motion to Strike pursuant to California's anti-SLAPP statute, Cal. Code of Civ. Proc. § 425.16(b)(1), ("anti-SLAPP Motion") and Plaintiff's Request for Voluntary Dismissal ("Request"). We have considered the papers filed in support of and in opposition to this anti-SLAPP Motion and Request and deem these matters appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

## I.     Background

        Defendant Ann C. Logue ("Logue"), an author, published *Hedge Funds for Dummies* in August 2006. (Logue Decl. ¶¶ 2-3. In the book, she discussed, among other things, the "warning signs" of hedge fund fraud. (*Id.* ¶ 5). To highlight a specific "cautionary tale," she used GLT Venture Fund ("GLT") and its founder, Plaintiff Keith Gilabert ("Gilabert"), as an example.[1] (*Id.* ¶ 6).

        Shortly thereafter, Logue submitted an article that drew from this section of her book to Aaron Krowne ("Krowne"), who maintains the website HF-Implode.com. (*Id.* ¶ 7). Then, in November 2011, Krowne notified Logue that he was removing the article from HF-Implode.com because Gilabert had threatened to sue him for defamation. (*Id.* ¶ 8; Krowne Decl. ¶3). Undeterred by Gilabert's threat of a defamation suit, Logue reposted the article on her own website, annlogue.com, along with an addendum explaining why she stood by the veracity of the article. (Logue Decl. ¶ 9).

        In April 2012, Gilabert issued a press release announcing he was suing Logue for ten million

---

        [1] After pleading guilty to violation of 18 U.S.C. § 371 for conspiracy to commit mail fraud, wire fraud, and securities fraud (*United States v. Gilabert*, 2:06-CR-00319-SVW), Gilabert was sentenced to sixty months in prison for what Judge Stephen V. Wilson called a "dastardly fraud that caused a lot of havoc and unhappiness to a lot of people." (Tr. of Sentencing Hearing at 38-39, Dkt. No. 44). The Securities and Exchange Commission also filed a civil action against Gilabert alleging he had operated a "classic Ponzi scheme." (*Securities and Exchange Comm. v. CMG-Capital Management Grp. Holding Co., LLC, et al.*, 2:06-CV-2595-GHK-JWJ, Dkt. No. 1 at 20).

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-578-GHK (RZx) | Date | December 20, 2013 |
|---|---|---|---|
| Title | *Keith Gilabert v. Ann C. Logue, et al.* | | |

dollars.  (*Id.* ¶ 10; Ex. 4).  A few months later he filed this defamation action in state court against Logue, Krowne, a commentator on annlogue.com, and several entities with no jural existence.  Defendants removed this action to this Court on the basis of diversity jurisdiction.

On February 22, 2013, Gilabert filed a Notice of Voluntary Dismissal ("Notice") that purported to voluntarily dismiss all Defendants without prejudice.  We issued an order that Gilabert's dismissal was effective as to all Defendants except Logue, because she had served an answer on January 30, 2012, nearly a month before Gilabert filed his Notice. [Dkt. No. 16].  Logue is therefore the only Defendant who remains.  On July 29, 2013, she filed an anti-SLAPP Motion pursuant to Cal. Code of Civ. Proc. § 425.16(b)(1), and Gilabert filed an opposition shortly thereafter. [Dkt. Nos. 38 & 41].  On the day Logue's Motion was set for hearing, Gilabert filed a Request for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). [Dkt. No. 49].  We stayed Logue's anti-SLAPP Motion and gave her an opportunity to respond to Gilabert's Request for Voluntary Dismissal. [Dkt. No. 50].  She timely responded. [Dkt. No. 51].  In her response, Logue consents to dismissal so long as: (1) she is awarded attorney's fees and costs pursuant to the anti-SLAPP statute's fees provision, Cal. Code Civ. Proc. § 425.16(c); and (2) the dismissal is with prejudice.

**II.   Legal Standards**

**A.   Voluntary Dismissal**

Under Rule 41(a)(2), we may dismiss an action upon the plaintiff's request so long as the defendant will not suffer "some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).  "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to [our] sound discretion. . . ." *Id.*  In addition, any dismissal pursuant to Rule 41(a)(2) is subject to "terms that [we] consider proper." Fed. R. Civ. Proc. 41(a)(2).

**B.   Anti-SLAPP Motion**

A Strategic Lawsuit Against Public Participation ("SLAPP") is a meritless suit that seeks to use "costly, time-consuming litigation" to chill a person's constitutionally protected right to free speech. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).  The California legislature passed an anti-SLAPP statute to give defendants a means by which to dismiss such suits early in the litigation process and thereby counteract their chilling effect.  *See* Cal. Civ. Proc. Code § 425(b)(1).  Federal courts enforce California's anti-SLAPP statute when sitting in diversity. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013), *en banc reh'g denied*, __ F.3d __, 2013 WL 6183821 (Nov. 27, 2013); *United States ex rel. Newsham v. Lockheed Missles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

A defendant who prevails on an anti-SLAPP motion is entitled to recover attorney's fees and costs.  Cal. Civ. Proc. Code § 425.16(c)(1).  "A plaintiff may not avoid liability for attorney['s] fees and costs by voluntarily dismissing a cause of action to which an anti-SLAPP motion is directed." *ARP*

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-578-GHK (RZx) | Date | December 20, 2013 |
|---|---|---|---|
| Title | *Keith Gilabert v. Ann C. Logue, et al.* | | |

*Pharmacy Serv., Inc. v. Gallagher Bassett Serv., Inc.*, 138 Cal. App. 4th 1307, 1323 (2006).  Under California law, if a plaintiff's case is voluntarily dismissed prior to the hearing on the anti-SLAPP motion, a defendant is entitled to a ruling on the merits of the anti-SLAPP motion.  *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998).  If the defendant's anti-SLAPP motion is deemed meritorious, a presumption arises that the defendant was the "prevailing party" under the anti-SLAPP statute.  *Id.* (explaining that the defendant is the prevailing party in this scenario because the defendant achieved the goal of "mak[ing] the plaintiff go away with [his] tail between his legs").  Unless the plaintiff offers evidence to dispel this presumption, the defendant is entitled to attorney's fees pursuant to Cal. Civ. Proc. Code § 425.16(c)(1).  *Id.*

Here, Gilabert only states that he seeks voluntary dismissal because he failed to properly serve Logue.  He has failed to offer any evidence suggesting that he has achieved his objectives in this litigation or that he wants to drop this suit for any reason unrelated to his probability of success on the merits.  *See id.*  Accordingly, should we determine that Logue's anti-SLAPP Motion is meritorious, she will be entitled to attorney's fees, notwithstanding Gilabert's voluntary dismissal, because to hold otherwise would allow Gilabert to circumvent the SLAPP liability mandated by California law.  *See, e.g.*, *Palermo v. Underground Solutions, Inc.*, 2013 WL 310556, at *3 (S.D. Cal. Jan. 25, 2013) (ruling on merits of defendant's anti-SLAPP motion after granting plaintiff's 41(a)(2) motion).

**III.   Discussion**

**A.    Merits of Logue's Anti-SLAPP Motion**

To prevail on an anti-SLAPP motion, a defendant must first make a showing that the challenged claim arises from speech that is within the ambit of the anti-SLAPP statute.  *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).  If the defendant makes this prima facie showing, the burden then shifts to the plaintiff "to establish a reasonable probability that the plaintiff [would] prevail on his or her defamation claim."  *Id.*

The anti-SLAPP statute protects "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest."  Cal. Civ. Proc. Code § 425.16(e)(3).  "[A] public forum is not limited to a physical setting, but also includes other forms of public communication such as electronic communication media like the internet."  *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1107 (C.D. Cal. 2004) (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1106 (2001)).  Here, the allegedly defamatory statements giving rise to Gilabert's action were published on Logue's website, which is widely accessible by the public.  As such, Logue's website constitutes a public forum under the anti-SLAPP statute.  *See New.Net*, 356 F. Supp. 2d at 1107 ("[C]ourts have uniformly held, or deeming the proposition obvious, simply assumed that internet venues to which members of the public have relatively easy access constitute a 'public forum' or a place 'open to the public' within the meaning of section 425.16.").

Under California law, speech is considered to be "in connection with an issue of public interest"

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-578-GHK (RZx) | Date | December 20, 2013 |
|---|---|---|---|
| Title | *Keith Gilabert v. Ann C. Logue, et al.* | | |

if it concerns: (i) a person in the public eye, (ii) "conduct that could directly affect a large number of people beyond the direct participants," or (iii) "a topic of widespread, public interest." *Rivero v. Am. Fed'n of State, Cnty., and Mun. Employees, AFL-CIO*, 105 Cal. App. 4th 913, 924 (2003). The speech at issue here falls within each of these categories and is therefore plainly "in connection with an issue of public interest." First, Gilabert is a person in the public eye given that his criminal case was the subject of a series of articles in the *Los Angeles Times*. Next, hedge fund fraud and prudent hedge fund investing are topics of broad public interest that could directly affect a large number of people. Thus, because Logue has established that her speech was published in a public forum and concerned a matter of public interest, she has made a prima facie showing that her speech is protected by the anti-SLAPP statute.

     The burden therefore shifts to Gilabert to establish a "reasonable probability" that his defamation claim is meritorious. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). "In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004). Under this standard, "much like [the standard] used in determining a motion for nonsuit or directed verdict," the anti-SLAPP motion prevails where "no reasonable jury could find for the plaintiff." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) (internal citations and quotation marks omitted). Gilabert falls far short of satisfying his burden. In his Opposition to Logue's anti-SLAPP Motion, he proffers no admissible evidence of any kind. Moreover, he misunderstands his burden of proof. Given that Gilabert's criminal case concerned matters of public controversy and he promotes himself online as a financial adviser, he is likely a limited public figure. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974) (establishing that a "limited purpose public figure" is an "individual [who] voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues"). Gilabert offers no argument on this point. As a result, he is subject to a heightened burden of proof and must prove that Logue made her statements with actual malice, "that is, 'with knowledge of [their] falsity or with reckless disregard for their truth.'" *See Makaeff*, 715 F.3d at 265 (quoting *Gertz*, 418 U.S. at 328). Gilabert does not make this showing. Nothing suggests that Logue's article, which was largely drawn from primary sources like the SEC complaint and Gilabert's plea agreement, evinced a reckless disregard for the truth. Even if Gilabert were considered a private figure, rather than a limited public figure, Gilabert's claim would be doomed because no reasonable jury could conclude that Logue's article was not substantially true. *Masson v. New York Magazine, Inc.*, 501 U.S. 496 (1991) ("California law permits the defense of substantial truth and would absolve a defendant even if she cannot justify every word of the alleged defamatory matter; it is sufficient if the substance of the charge be proved true, irrespective of slight inaccuracy in the details." (citation and internal quotation marks omitted)). Accordingly, we conclude that Gilabert's defamation claim is wholly without merit and that Logue brought a meritorious anti-SLAPP motion. She is therefore entitled to attorney's fees and costs pursuant to the anti-SLAPP statute's fees provision, Cal. Code Civ. Proc. § 425.16(c).

     **B.**    **Dismissal With Prejudice**

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-578-GHK (RZx) | Date | December 20, 2013 |
|---|---|---|---|
| Title | *Keith Gilabert v. Ann C. Logue, et al.* | | |

      Although dismissal pursuant to Rule 41(a)(2) is generally without prejudice, we may dismiss with prejudice where appropriate. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("[Rule 41(a)(2)'s] broad grant of discretion does not contain a preference for one kind of dismissal or another"). In light of our conclusion that this is a meritless SLAPP suit, we decline to allow Gilabert any further opportunities to pursue this claim.

**IV.     Conclusion**

      Based on the foregoing, this action is **DISMISSED with prejudice**. Defendant may file a motion for attorney's fees and costs **within thirty (30) days** hereof; failure to do so shall be deemed Defendant's waiver of fees and costs.

      **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |